STATE ex rel. SARTINI

v.

TRUMBULL TOWNSHIP VOLUNTEER FIRE DEPARTMENT.

[Cite as *State ex rel. Sartini v. Trumbull Twp. Volunteer Fire Dept.,* 163 Ohio App.3d 603, 2005-Ohio-4903.]

Court of Appeals of Ohio,
Eleventh District, Ashtabula County.

No. 2005–A–0004.

Decided Sept. 16, 2005.

Abraham Cantor, for relator.

Richard L. Dana, for respondent.

Per Curiam.

{¶ 1} This action in quo warranto is before this court for consideration of respondent's motion to dismiss. As the primary basis for its motion, respondent, the Trumbull Township Volunteer Fire Department, submits that the petition of relator, Ashtabula County Prosecutor Thomas Sartini, fails to state a viable claim for the writ because he has not satisfied the statutory requirements for maintaining an action in quo warranto. For the following reasons, this court holds that the motion to dismiss has merit.

{¶ 2} Respondent is a nonprofit Ohio corporation that, according to its articles of incorporation, was formed for the purpose of providing fire protection and other emergency services for Trumbull Township, Ohio. The petition asserts that respondent should now be ousted from its corporate charter because it no longer has a contract to render those services for the township. In addition, the petition contends that a writ of quo warranto is warranted because respondent has now engaged in certain acts that go beyond the scope of its charter.

{¶ 3} Relator is named in the caption as the person who has brought this case on relation of the state of Ohio. However, the petition was not signed by relator. Instead, the pleading was signed by a different attorney on behalf of relator. In endorsing the petition, that second attorney did not state whether he is employed by relator as an assistant prosecutor for Ashtabula County.

{¶ 4} In light of the foregoing, respondent argues in its dismissal motion that the merits of the quo warranto claim are not before this court, because relator has not followed the required procedure for maintaining the action. Specifically, it submits that under Ohio law, an action in quo warranto must be litigated by the county prosecutor when the case pertains to whether an Ohio corporation should be ousted from its charter. Respondent further submits that because the action

is being prosecuted by an attorney who is not associated with relator's office, it is subject to dismissal under the precedent of this court.

{¶ 5} As respondent correctly notes, the prosecution of a quo warranto action in Ohio is primarily governed by R.C. Chapter 2733. Under that chapter, this type of case can be maintained for two basic purposes. First, a quo warranto action can be employed to challenge a person's right to hold a public office. R.C. 2733.01. Second, under R.C. 2733.02, it can be used to determine whether a corporation has committed an act that warrants the revocation of its franchise or charter.

{¶ 6} In regard to the commencement of a quo warranto proceeding, R.C. 2733.04 provides: "When directed by the governor, supreme court, secretary of state, or general assembly, the attorney general, or a prosecuting attorney, shall commence an action in quo warranto. When, upon complaint or otherwise, either of such officers has good reason to believe that any case specified in section 2733.02 of the Revised Code can be established by proof, he shall commence such action." In conjunction with the foregoing statute, R.C. 2733.05 states that in filing a quo warranto action, a prosecuting attorney can bring the case upon his own relation or the relation of another person.

{¶ 7} Besides the two statutes, R.C. Chapter 2733 contains only one other provision pertaining to the institution of a quo warranto case. R.C. 2733.06 states that when the subject matter of the action concerns the usurpation of a public office, any person who has a possible claim to the office can file the matter by himself or with the assistance of an attorney.

{¶ 8} In interpreting R.C. Chapter 2733, this court has noted that R.C. 2733.04 and 2733.05 were intended to set forth the general rule governing the commencement of a quo warranto action and that R.C. 2733.06 sets forth the only exception to the rule. *Lorince v. RomeRock Assn., Inc.* (Dec. 7, 2001), 11th Dist. No. 2001–A–0047, 2001 WL 1561725. Thus, if a proposed action in quo warranto will raise an issue concerning whether a corporate charter should be revoked as a result of an improper act, it can be brought only by the Attorney General or a prosecuting attorney. This limitation as to who may bring this type of action is based upon the fact that under the common law, the writ of quo warranto was meant as a way of protecting the general public against the abuses of corporate power; therefore, since the authority to incorporate can be granted only by the state, it follows that only the state and its officers could commence the action. Id. See, also, *State ex rel. Morris v. Soltez,* 11th Dist. No. 2002–T–0016, 2002-Ohio-3714, 2002 WL 1626780.

{¶ 9} In responding to the motion to dismiss, relator has not contested our prior interpretation of R.C. Chapter 2733. Instead, he maintains that the

manner in which the petition was submitted to this court complies with the statutory requirements. Specifically, relator argues that R.C. 2733.04 and 2733.05 have been met because he, as the Ashtabula County Prosecutor, consented to the filing of the petition under his name. In other words, relator argues that once he has agreed to allow the petition to be brought under his name, a separate attorney can then act as his agent in litigating the action.

{¶ 10} However, according to respondent, a prosecuting attorney does not have the authority to allow a private attorney to litigate an action in quo warranto on his behalf. That is, respondent asserts that the prosecutor has a statutory duty to litigate any case brought in his name. In support of this assertion, respondent relies primarily upon R.C. 2733.07. This statute provides: "When the office of prosecuting attorney is vacant, or the prosecuting attorney is absent, interested in the action in quo warranto, or disabled, the court, or a judge thereof in vacation, may direct or permit any member of the bar to act in his place *to bring and prosecute the action*." (Emphasis added.)

{¶ 11} Pursuant to the plain language of R.C. 2733.07, if a separate member of a county bar is appointed to bring a quo warranto action when the prosecuting attorney is not available, that same member must also litigate the action to a conclusion. In light of the basic requirement of this statute, this court agrees that it can be inferred from the statute that the Ohio legislature generally intended for the attorney who institutes a quo warranto action to also be the attorney who litigates it; i.e., if a prosecuting attorney brings such an action in his name, he, or his office, is typically responsible for litigating the case until it is resolved.

{¶ 12} Nevertheless, R.C. 2733.07 is intended to apply only when a proper court has appointed a separate attorney to pursue a quo warranto case. Furthermore, of the statutes in R.C. Chapter 2733 that refer expressly to a prosecuting attorney, none of them refer to both "bringing" and "prosecuting" this type of case. In the absence of any direct language regarding a prosecuting attorney, we conclude that the Ohio legislature did not intend to enact a general requirement that a prosecuting attorney himself must always litigate a quo warranto action once it has been brought in his name. Instead, the lack of direct language as to the prosecutor supports the inference that the legislature intended for any general rule regarding the performance of a prosecutor's duties to apply to the litigation of the case. Thus, the issue before us becomes: Are there any instances in which a prosecuting attorney can delegate his duties to private counsel who has not been properly appointed to act in behalf of his office?

{¶ 13} The basic provisions governing the public office of county prosecutor are set forth in R.C. Chapter 309. In relation to the legal duties of a county prosecutor, R.C. 309.08(A) states that in addition to inquiring into the commission

of crimes and litigating any case or controversy in which the state of Ohio is a party, a prosecutor is required to prosecute "such other suits, matters, and controversies as he is required to prosecute within or outside the county, in the probate court, court of common pleas, and court of appeals." Pursuant to R.C. 309.09(A), a county prosecutor also has an express duty to act as the legal adviser for all county officers, including the board of commissioners, and to represent them in all actions in which they are parties as a result of the performance of their own official duties. Similarly, R.C. 309.09(B) provides that a county prosecutor is required to act as the legal adviser for all township officers within the county.

{¶ 14} As to the actual performance of a county prosecutor's duties, R.C. Chapter 309 contains only one provision relating to the delegation of work. R.C. 309.06(A) states that at the beginning of each calendar year, the judges of the county's court of common pleas "may fix" the amount of funds the county prosecutor can expend in compensating the staff of his office. This statute then provides that so long as the prosecutor does not exceed the amount of funds set by the court of common pleas, he can appoint any assistant prosecuting attorneys "who are necessary for the proper performance of the duties of his office."

{¶ 15} By itself, R.C. 309.06(A) does not appear to place any limitation upon the ability of a prosecuting attorney to delegate his work to other attorneys. R.C. 309.06(A) only provides that a prosecutor "may" appoint assistants to aid in the performance of his official duties; it does not state that the employment of assistants is the sole manner in which a prosecutor can obtain the completion of his work. Thus, if R.C. 309.06(A) were the sole statutory provision on point, there might be some debate concerning whether a county prosecutor could properly delegate an official duty to a private attorney.

{¶ 16} However, although R.C. Chapter 309 does not contain any other provision pertaining to the delegation of a prosecutor's work or assistance in the performance of that work, R.C. Chapter 305 has a specific provision that governs the employment of separate legal counsel for a county official. R.C. 305.14(A) states:

{¶ 17} "The court of common pleas, upon the application of the prosecuting attorney and the board of county commissioners, may authorize the board to employ legal counsel to assist the prosecuting attorney, the board, or any other county officer in any matter of public business coming before such board or officer, and in the prosecution or defense of any action or proceeding in which such board or officer is a party or has an interest, in its official capacity."

{¶ 18} In most instances in which the foregoing provision has been invoked, the new legal counsel has been authorized for a separate county officer because, due to a conflict of interest, the prosecuting attorney could not satisfy his statutory

obligation to represent the officer in a matter. See, e.g., *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 20 O.O.3d 388, 423 N.E.2d 105. Nevertheless, the wording of R.C. 305.14(A) readily indicates that the statute was also intended to apply when the prosecutor himself has a need for either separate representation in a legal matter or assistance in the performance of his duties. See *State ex rel. O'Connor v. Davis* (2000), 139 Ohio App.3d 701, 706, 745 N.E.2d 494. In essence, the statute delineates the procedure a county prosecutor must follow when the nature of the situation is such that he cannot employ the funds appropriated to him by the court of common pleas under R.C. 309.06(A) to obtain the necessary assistance for the proper performance of his duties.

{¶ 19} If R.C. Chapter 309 contained a specific provision governing the ability of a county prosecutor to delegate to an attorney other than an assistant prosecutor, that provision would obviously be controlling over R.C. 305.14(A). In the absence of such a provision, though, R.C. 305.14(A) must be followed. Under that statute, a prosecutor cannot seek the assistance of a private attorney in the performance of his duties unless that assistance has been authorized by the county's court of common pleas.

{¶ 20} As noted above, the general provisions governing a quo warranto action, R.C. Chapter 2733, support the conclusion that a county prosecutor has a statutory duty to litigate such an action once he has agreed that the case should be brought in his name. Accordingly, we hold that the prosecutor cannot delegate this duty to an outside attorney until that delegation has been authorized under R.C. 305.14(A). In reaching this holding, we are fully cognizant of the fact that the prosecution of a quo warranto action can be beneficial to a number of parties. However, we again emphasize that the primary purpose of an action in quo warranto is to protect this state's sovereign power regarding corporations. *Lorince*, 11th Dist. No. 2001–A–0047, 2001 WL 1561725. If a county prosecutor concludes that it would be unwise to use the resources of his office to pursue a quo warranto case against an Ohio corporation, R.C. Chapter 2733 simply does not permit another person or entity to pursue that particular remedy. The discretion lies solely with the prosecutor; and if he decides not to litigate the case, the other person or entity must pursue another remedy, if one exists.

{¶ 21} In the instant case, the attorney who signed the quo warranto petition did not indicate whether he was employed by the Ashtabula County Prosecutor's Office or had been authorized under R.C. 305.14(A) to act on behalf of relator. Furthermore, in responding to the motion to dismiss, the signing attorney did not provide any clarification concerning his ability to represent relator in the litigation of this action. Therefore, even though the instant case was brought in the name of relator, it is not properly before this court because it

is being prosecuted by an attorney who does not have the proper association with relator.

{¶ 22} In applying R.C. Chapter 2733, this court has specifically held that the failure to maintain a quo warranto action in compliance with the statutory requirements constitutes a basis for dismissal. *Lorince*, 11th Dist. No. 2001–A–0047, 2001 WL 1561725. Although *Lorince* involved the failure to bring the case in the name of the prosecutor, the same logic applies here. Accordingly, respondent's motion to dismiss is granted. It is the order of this court that relator's quo warranto petition is hereby dismissed.

Petition dismissed.

FORD, P.J., RICE and O'TOOLE, JJ., concur.